United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60257
Summary Calendar
_____

LUBALA TUND SOKOMBE,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 326 998
------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lubala Tund Sokombe petitions for review of the decision of the Board of Immigration

Appeals (BIA) affirming the decision of the immigration judge (IJ) to deny his application for asylum,

withholding of removal, and relief under the Convention Against Torture. The IJ and the BIA

determined that Sokombe's testimony was not sufficiently credible and that he thus had not

established his eligibility for relief. Sokombe has not established that the record compels a finding

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that he was in fact credible in his claims or that he has met the standard for establishing his eligibility for asylum or withholding. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994); *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

Sokombe also contends that the BIA and IJ wrongly concluded that he was ineligible for adjustment of status pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I), based on his false claim of United States citizenship on a job application. The IJ and BIA specifically found that Sokombe was not credible in his assertions that he relied on information received from others and that his reliance on the explanations given by these other people was reasonable. Sokombe has not presented "compelling evidence" to show that the credibility determination of the IJ and BIA should be reversed. *Mikhael*, 115 F.3d at 302. As a result, Sokombe has not established that the IJ abused his discretion in denying Sokombe's motion for a continuance of his hearing for processing of his adjustment-of-status application. *Witter v. INS*, 113 F.3d 549, 555-56 (5th Cir. 1997).

PETITION DENIED.